Walker v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-128-CR

     JOHNNY WALKER, JR.,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 18,652
                                                                                                    

O P I N I O N
                                                                                                    

      Johnny Walker, Jr. appeals his conviction for aggravated assault. He was found guilty by a
jury, and, as a result of one prior felony conviction that enhanced the range of punishment, the
jury assessed punishment at fifteen years in prison and a $1000 fine.
      In point one Walker contends that the trial court erred in denying his motion for mistrial. 
Walker's argument and authorities under point of error one consist of a statement of facts
indicating that Ron Roark, a police officer who testified for the State during the guilt-innocence
phase of the trial, had a three- to four-minute conversation with three of the jurors during a break
before the punishment phase of the trial. Walker's brief, however, fails to present any argument
or authorities suggesting that Roark's conversation was in any way improper or prejudicial.


 
Although Walker cites article 36.06 of the Texas Code of Criminal Procedure and Rule 613 of the
Texas Rules of Criminal Evidence, as well as article 36.22 of the Texas Code of Criminal
Procedure, he makes no attempt to direct this court's attention to any evidence that Roark
conversed with a juror or any other person "about the case."


 In fact, Roark and each of the three
jurors testified that they did not discuss the case, the defendant, or their jury service in any way. 
Because Walker's brief wholly fails to present a meritorious complaint, we overrule point of error
one.
      In point two Walker contends that the trial court erred during the punishment stage of the trial
in admitting State's exhibit 15, a fingerprint card, and State's exhibit 16, a penitentiary packet,
because Max Chester testified on direct examination that he did not consider himself an expert. 
Chester, a fingerprint examiner with the Dallas County Sheriff's Office, testified that he had
fifteen years' experience examining fingerprints, had attended advanced latent fingerprint schools
taught by the Dallas Sheriff's Academy and the FBI, and had testified as an expert nearly two
thousand times. According to Chester, State's exhibit 15 was a set of fingerprints that he had
taken from Walker, whom he identified at trial as the defendant. Although Walker objected to the
admission of the exhibits, he failed to object to Chester's testimony. Chester testified, without
objection, that he compared Walker's fingerprints to the fingerprint page contained in the
penitentiary packet and that, in his opinion, they were made by the same individual. Therefore,
any error in the admission of the exhibits was cured when the same evidence came in by Chester's
testimony.


 As a result, we overrule point of error two.
      In point three Walker contends that the evidence is insufficient to support his conviction for
aggravated assault because there is no evidence that the victim "was in fear of imminent bodily
injury or death." In reviewing the legal sufficiency of the evidence, we must determine whether,
after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt.


 The essential
elements of aggravated assault are defined by sections 22.01 and 22.02 of the Texas Penal Code.


 
The indictment alleged that Walker "did then and there intentionally and knowingly threaten MIKE
CONNER with imminent bodily injury and did then and there use a deadly weapon, to-wit: a
firearm." The jury found Walker "guilty as charged in the indictment."
      Essentially, Walker argues that there is no evidence that he placed Conner "in fear of
imminent bodily injury or death," citing Devine v. State.


 In Devine, however, the court was
reviewing the sufficiency of the evidence to support a conviction for robbery. An element of
robbery, as defined by section 29.02 of the Penal Code, is that a person "intentionally or
knowingly threatens or places another in fear of imminent bodily injury or death."


 Fear of
imminent bodily injury or death, however, is not an element of assault, as defined by section 22.01
of the Penal Code.


 Instead, the State must prove, and in this case the jury found, that Walker
intentionally or knowingly threatened Conner with imminent bodily injury.


 Threats can be
communicated by conduct as well as by words.


 Conner, a Wal-Mart security guard who
followed Walker from the store to inquire about stolen clothes, testified that, as he approached
Walker's car, Walker pointed a gun at him. Conner backed off, and Walker drove away. The
pointing of the gun alone establishes the threat.


 These facts, when viewed in the light most
favorable to the verdict, are sufficient for a rational trier of fact to have concluded beyond a
reasonable doubt that Walker committed aggravated assault. We overrule point of error three.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 17, 1993
Do not publish